**WO**                                                                                                           KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Paul Montoya, | No. CV 10-193-PHX-RCB (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| R. Dear, et al., | |
| Defendants. | |

Plaintiff Carlos Paul Montoya, who is confined in the Arizona State Prison Complex-Lewis, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendants Dear and McCarville to answer Count I of the Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $4.99. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate

Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## III.  Complaint

Plaintiff names the following Defendants in the Complaint: Corrections Officer II R. Dear, Corrections Officer IV B. Franco, Deputy Warden Michael McCarville, Warden Beth

| | |
|---|---|
| 1 | Larson, Inmate Banking ASO II Frank Havelock, and Arizona Department of Corrections |
| 2 | Director Charles Ryan. |
| 3 | Plaintiff raises three grounds for relief in the Complaint: |
| 4 | (1) Plaintiff's Eighth Amendment rights were violated when his inmate account |
| 5 | was frozen and he was denied basic hygiene supplies, a contact lens case, and |
| 6 | contact lens cleaning solution for four months; |
| 7 | (2) Plaintiff's First Amendment rights were violated when his inmate account was |
| 8 | frozen and he was unable to send letters, other than legal mail, for four |
| 9 | months; and |
| 10 | (3) Plaintiff's Fourteenth Amendment rights were violated when Plaintiff was |
| 11 | denied indigent status for 139 days. |
| 12 | Plaintiff seeks money damages. |

**IV.  Failure to State a Claim**

    **A.  Defendants Franco and Havelock**

In each of his three claims for relief, Plaintiff alleges that Defendant Franco refused to properly process Plaintiff's grievances concerning basic hygiene items and mail.

Where a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). Accordingly, Plaintiff's claims against Defendant Franco will be dismissed for failure to state a claim.

Plaintiff has also failed to state a claim against Defendant Havelock. Plaintiff claims that Defendant Havelock failed to follow the Arizona Department of Corrections' policy regarding the schedule of deductions from inmate accounts and informed Defendants McCarville and Dear that Plaintiff was not allowed to use money in Plaintiff's account or to be considered indigent "because of a debt."

An Eighth Amendment claim requires a sufficiently culpable state of mind by the Defendants, known as "deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 834

(1994). Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. Id. (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Whitley v. Albers, 475 U.S. 312, 319 (1986)). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Farmer, 511 U.S. at 837.

Plaintiff has not alleged facts demonstrating that Defendant Havelock was aware of a serious risk to Plaintiff's safety and failed to act. Plaintiff's facts demonstrate at most that Defendant Havelock may have been negligent in administering Plaintiff's inmate account; this is insufficient to state an Eighth Amendment claim and Plaintiff's claims against Defendant Havelock will be dismissed.

**B.  Count II**

In Count II, Plaintiff claims that his First Amendment rights were violated when, for a period of four months, he was unable to send personal mail because he did not have access to the funds in his inmate account and he was not considered indigent.

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (*per curiam*) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)). However, a prison may adopt regulations which impinge on an inmate's constitutional rights if those regulations are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). Plaintiff alleges that his ability to send mail was restricted by an apparent debt on his inmate account. Plaintiff has not alleged that his ability to send mail was restricted without a legitimate penological interest. Count II will therefore be dismissed for failure to state a claim.

**C.  Count III**

In Count III, Plaintiff claims that his due process rights were violated when he was denied indigent status for 139 days and was not allowed to access his inmate account.

As noted in the discussion of Plaintiff's claims against Defendant Havelock, Plaintiff has not alleged facts demonstrating that the errors in the administration of his inmate account

were the result of anything more than negligence. "[T]he Due Process Clause [of the Fourteenth Amendment] is simply not implicated by a <u>negligent</u> act of an official causing unintended loss or injury to life, liberty, or property." <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986) (emphasis in original). The Court will dismiss Count III for failure to state a claim.

**V.     Claims for Which an Answer Will be Required**

In Count I, Plaintiff claims that Defendants Dear and McCarville denied him basic hygiene supplies such as soap, shampoo, and toothpaste for four months. Plaintiff also alleges that Defendants denied him a contact lens case and contact lens cleaning solution for the same period of time and that as a result, he contracted a severe and painful eye infection in his left eye. Liberally construed, these allegations adequately state an Eighth Amendment claim and the Court will require Defendant Dear and McCarville to answer Count I of the Complaint.

**VI.    Warnings**

**A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit

an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $4.99.

(3) Counts II and III and Defendants Franco, Larson, Havelock, and Ryan are **dismissed** without prejudice.

(4) Defendants Dear and McCarville must answer Count I of the Complaint.

(5) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendants Dear and McCarville.

(6) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(8) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendants Dear and McCarville must answer Count I of the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13) This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules

72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 9th day of March , 2010 .

_____
Robert C. Broomfield
Senior United States District Judge